# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY BROOKS,<br><br>Defendant | No. 08-mj-346<br><br>ORDER FOR PRETRIAL DETENTION |

On the 6th day of October, 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Special Assistant United States Attorney Daniel Aaron Chatham. The Defendant appeared personally and was represented by Attorney Michael K. Lahammer.

## RELEVANT FACTS

On October 2, 2008, Defendant Timothy Brooks was charged by Criminal Complaint (docket number 1) with distribution of heroin. Following a Preliminary Hearing held contemporaneously with the instant detention hearing, the Court found probable cause to believe that a crime was committed and that Defendant committed it. Accordingly, Defendant was bound over for further action by the Grand Jury.

Steve Warner, an officer with the high risk unit of the Department of Correctional Services assigned to the DEA Task Force, testified at the hearing regarding the facts underlying the charge. According to Officer Warner, law enforcement officers were contacted by a confidential informant ("CI") in early August 2008, and were informed that Defendant and one other were selling heroin in Cedar Rapids. The CI and an undercover officer called Defendant and arranged for the purchase of four bindles of heroin for $200. The phone call was recorded.

1

On August 18, 2008, the CI and the undercover officer met Defendant in a Hy-Vee drug store in Cedar Rapids. The CI shook hands with Defendant and received four bindles of heroin. The CI paid Defendant $100 and the undercover officer paid Defendant an additional $100. The transaction was surveilled by officers outside the store and two officers inside the store. The substance received tested positive for heroin.

According to the Pretrial Services Report, Defendant is 39 years old and was born and raised in Chicago. Defendant moved to Cedar Rapids approximately five years ago. Defendant is married and prior to his arrest lived with his wife in Cedar Rapids. Defendant has five children from previous relationships, all of whom reside in Chicago.

Defendant reported to the pretrial services officer that until recently he was employed at Mister Carwash in Cedar Rapids. Defendant was injured in a car accident in September 2008, however, and was fired from his employment "because he missed too much work due to his medical issues." Other than neck and back pain associated with his recent car accident, Defendant does not have any other long-term health problems.

Defendant reported the experimental use of marijuana and cocaine in his early to mid-20s, but advised the pretrial services officer that he has not used them since that time. Defendant admitted, however, that he used heroin for the first time about three months ago, "but has not used it since then."

According to the Pretrial Services Report, Defendant has been arrested 14 times since 1990 for possession of a controlled substance. The disposition of most of those charges, however, is unknown. What is known is that Defendant was sent to prison in 1996 on a drug charge and was sent to prison again on a drug charge in 1999. According to the affidavit of Officer Warner, "[o]n March 18, 1996, Timothy Brooks was convicted of the felony drug offense of delivery of heroin in the Circuit Court of Cook County, Illinois, Case number 96CR-5649." That conviction is not reflected in the Pretrial Services Report, however, unless it is the crime described as "Possession of Less Than 15 Grams, Cocaine."

Since moving to Linn County, Iowa approximately five years ago, Defendant's only conviction appears to be for theft in the fifth degree.

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the

danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. As set forth above, the Court finds that there is probable cause to believe that Defendant committed the crime set forth in the Criminal Complaint. In a "presumption case," a defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with distribution of heroin, in violation of 21 U.S.C. § 841. This charge establishes a rebuttable presumption pursuant to 18 U.S.C. § 3142(e) that there is no condition or combination of conditions which will reasonably assure the appearance of the person as required and the safety of the community. In an effort to rebut the presumption, Defendant proffers testimony that he would be able to return to live with his wife in Cedar Rapids. Defendant notes that while the Pretrial Services Report reflects numerous arrests in Chicago on drug charges, the disposition of most of those charges is unknown.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the

Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (October 2, 2008) to the filing of this Ruling (October 7, 2008) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 7th day of October, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA